UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:26-cv-08812-SSC Date: November 2, 2026

Title Enedina Montiel Torres v. General Motors LLC, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order Denying Motion to Remand (ECF 12)**

Plaintiff filed this Song-Beverly action against Defendant in state court. (ECF 1-2 at 6.) Defendant thereafter removed the case to federal court based on diversity jurisdiction. (ECF 1.) Before the Court is Plaintiff's motion to remand the action, which argues only that Defendant has failed to show the amount in controversy required for federal jurisdiction. (ECF 12.) The motion is fully briefed, and the Court finds the motion suitable for determination without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15.

Because the Court adopts the view of courts that have found that the amount in controversy in these cases can include maximum civil penalties under the statute where the plaintiff alleges willfulness even cursorily, the Court DENIES the remand motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-08812-SSC Date: November 2, 2026

Title Enedina Montiel Torres v. General Motors LLC, et al.

**I**

**A**

In general, defendants may remove any case filed in state court over which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). An action may be removed based on diversity jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a).

The removing party has the burden to show that removal is proper. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**B**

Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)–(C); *see also Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) ("Consideration of the Use Offset [is] appropriate."). This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,000 and multiplying the resulting fraction by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-08812-SSC | Date: | November 2, 2026 |
| Title | Enedina Montiel Torres v. General Motors LLC, et al. | | |

actual price of the new motor vehicle paid or payable by the buyer. Cal. Civ. Code § 1793.2(d)(2)(C). In addition to restitution, the buyer may recover a civil penalty up to two times the amount of actual damages if the statutory violations were willful. *Id.* § 1794(c).

**II**

Here, the complaint alleges that Defendant "willfully violated the Song-Beverly Act" and as a result, Plaintiff is entitled to "a civil penalty of up to two times the amount of actual damages[.]" (ECF 1-2 at 10, 13.) Defendant relied on these allegations in the notice of removal to cross the $75,000 threshold.[1] (ECF 1 at 4–5.) Plaintiff does not contest Defendant's actual damages estimate of $74,829.25. (ECF 12 at 5.) The civil penalty is calculated by doubling the amount of restitution, which yields a civil penalty of approximately $149,658.50 ($74,829.25 x 2). Combining the actual damages and the civil penalty, Defendant has established an amount in controversy of at least $224,487.75 ($74,829.25 + $149,658.50). Thus, if the maximum civil penalty is included in the amount in controversy, Defendant has demonstrated by a preponderance of the evidence that the amount in controversy under the Song-Beverly claim is met for this Court to exercise jurisdiction over this matter.

Plaintiff, however, argues that Defendant has failed to establish that "the amount it attributes to a civil penalty is in controversy." (ECF

[1] Defendant also relies on Plaintiff's request for attorney's fees to establish that the amount in controversy satisfies the jurisdictional threshold. (ECF 1 at 5–6; ECF 12 at 10–12.) Because the amount in controversy exceeds the requirement with consideration of civil penalties, the Court need not reach this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-08812-SSC Date: November 2, 2026

Title Enedina Montiel Torres v. General Motors LLC, et al.

12 at 7.) According to Plaintiff, once Plaintiff contests the calculation, Defendant must establish the amount by a preponderance of the evidence with competent proof. (*Id.* at 6–7.) Stated differently, Plaintiff argues Defendant may not rely on Plaintiff's allegations of willfulness; rather, Defendant must submit proof of its own willful misconduct once Plaintiff challenges reliance on her own conclusory allegations. The Court disagrees for the reasons set forth in its order in *Rubio v. General Motors LLC*, No. 2:26-cv-07583-SSC, Dkt. No. 25 (C.D. Cal. filed Oct. 8, 2026), a copy of which is in this case's record. (ECF 15-1.)

Accordingly, Plaintiff's motion to remand (ECF 12) is DENIED.

**IT IS SO ORDERED.**

Initials of Preparer **ts**